E-FILED; Montgomery Circuit Court
Docket: 1/6/2026 3:11 PM; Submission: 1/6/2026 3:11 PM
Envelope: 24516463

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

| | |
|---|---|
| **JIMMY HALL, et al.**<br><br>*Plaintiffs*,<br>**v.**<br><br>**WEACHIEVE, INC., et al.**<br><br>*Defendants*. | **Case No.**: C-15-CV-25-005213 |

### PLAINTIFFS' SCHEDULING HEARING STATEMENT

Plaintiffs, by undersigned counsel, submit this Scheduling Hearing Statement in advance of the scheduling hearing scheduled for January 16, 2026, and state in support:

**(a) Brief Statement of the Nature of the Controversy and Claims Made**

Plaintiffs Jimmy Hall and Christina Hall bring this case as Co-Guardians of the Person and Property of Rashawn Williams, a disabled adult, who is their son.  Rashawn has Downs Syndrome and is non-verbal, and his mental disability requires him to be provided 24-hour supervision.  In October 2023, Rashawn was living at the temporary residence provided by his group home, Defendant WeAchieve, Inc. (hereinafter "WeAchieve"), located at a Residence Inn by Marriott in Silver Spring, Maryland.

On October 20, 2023, due to the actions and failings of WeAchieve in failing to exercise reasonable care as Rashawn's group home provider, Rashawn was left without proper care and attention in accordance with his established supervision requirements and the standard of care. As a result, Rashawn was permitted to exit the home location unsupervised and board a public bus.  Unknown to law enforcement or Rashawn's loved ones at the time, Rashawn then took a train and ultimately ended up at the Glenmont station of Defendant Washington Metropolitan Area Transit Authority (hereinafter "WMATA").  At the Glenmont station, WMATA agents

1

**ATTACHMENT**

**30**

failed to reasonably respond or provide sufficient care to Rashawn, despite his visual and observable impairments and clear need for assistance. Due to WMATA's actions and failings, Rashawn had unknowingly wandered into a locked storage room, where he would become trapped under horrific conditions for the next several days, during which WMATA failed to ever check the room in violation of its own rules. Rashawn's total disappearance lasted six (6) days.

Plaintiffs assert the following causes of action against Defendants: Count I, Negligence against WeAchieve; Count II, Negligence against WMATA; Count III, Violation of Title II of the American with Disabilities Act of 1990, 42 USC §12131 *et seq.* against WMATA; and Count IV, Violation of Section 504 if the Rehabilitation Act of 1973, 29 USC §794 against WeAchieve and WMATA.

**(b) <u>Itemization of Damages</u>**

Plaintiffs make claims for damages, including, but not limited to, past and future medical and rehabilitation expenses for Rashawn Williams, temporary and/or permanent impairment of Rashawn's physical capacity, past and future impairment of Rashawn's usual and customary activities, his emotional distress and mental anguish, his past and future conscious pain and suffering, and other compensatory damages, plus interest. These damages are still being calculated and analyzed and will be provided to the parties when available and/or determined. Further, Plaintiffs make claim for the Court to enter judgment in favor of Plaintiffs and against the Defendants, and that this Court award such further relief as the nature of the case may require and that this Honorable Court shall deem just and proper.

**(c) <u>Minimum Demand</u>**

Discovery is just beginning in this case, as the Amended Complaint was recently filed on December 10, 2025 and Defendants' pleadings in response thereto have not yet been filed. Once

discovery is complete, a minimum demand will be calculated.

**(d) <u>Concise Statement of Witnesses and a Designation of the Number and Identity of Proposed Expert Witnesses</u>**

Plaintiffs have not designated all witnesses as of the time of filing this Scheduling Hearing Statement.  Plaintiffs anticipate calling the three (3) expert witnesses identified in Plaintiffs' Preliminary Identification of Expert Witnesses (filed Dec. 18, 2025), in addition to any further experts identified by Plaintiffs in accordance with the Court's Amended Scheduling Order (entered Dec. 19, 2025), any future orders of this Court, and the Maryland Rules. Plaintiffs further anticipate calling multiple fact witnesses including, but not limited to, Plaintiff Jimmy Hall, Plaintiff Christina Hall, the WeAchieve and WMATA employees identified in the Amended Complaint, and agents of Montgomery County Police Department involved in the investigation of Rashawn Williams' disappearance.  Plaintiffs reserve the right to update this information after discovery has been conducted.

**(e) <u>Time Estimate for Trial</u>**

Plaintiffs estimate they will take 3–4 days to complete their case-in-chief.

**(f) <u>Attorneys' Fees</u>**

Plaintiffs anticipate that if this matter is litigated through trial, a substantial claim for attorneys' fees will result, and will be made pursuant to 42 USC §12205 and/or 29 USCS §794a.

Respectfully submitted,

JOSEPH, GREENWALD & LAAKE, P.A.

_____/s/_____
Timothy F. Maloney (CPF 8606010245)
Bridget Cardinale (CPR 2211070011)
JOSEPH, GREENWALD & LAAKE, P.A

3

6404 Ivy Lane, Suite 400
Greenbelt, MD 20770
301-220-2200
tmaloney@jgllaw.com
bcardinale@jgllaw.com
*Counsel for Plaintiffs*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 6th day of January 2026, a copy of the foregoing was served

on all Defendants via electronic mail and/or Regular U.S. Mail, addressed as follows:

WeAchieve, Inc.
c/o Jeffrey R. DeCaro, Esq.
DECARO DORAN SICILIANO GALLAGHER & DEBLASIS LLP
17251 Melford Boulevard, Suite 200
Bowie, MD 20715
jdecaro@decarodoran.com

Washington Metropolitan Area Transit Authority
c/o Patricia Lee, Esq.
Office of General Counsel
300 7th Street SW
Washington, DC 20016

_____/s/_____
Bridget Cardinale, Esq.